IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

RULE 26(F) REPORT

The parties, having consulted pursuant to Rule 26(f), Fed. R. Civ. P., hereby report as follows (check one below):

_____     We agree that the schedule set forth in the Conference and Scheduling Order issued _____ is appropriate for this case. The information required by Local Civil Rule 26.03 will be separately filed by the parties.

__X__     We agree that the schedule set forth in the Conference and Scheduling Order issued **April 20, 2018** requires modification as set forth in the attached proposed Consent Amended Scheduling Order (use same format as the Court's standard scheduling order attached hereto). The information required by Local Civil Rule 26.03 will be separately filed by the parties.

_____     We are unable, after consultation, to agree on a schedule for this case. Therefore, we request a scheduling conference with the Court. The parties' proposed discovery plan as required by Fed. R. Civ. P. 26(f), with disagreements noted, and the information required by Local Civil Rule 26.03 will be separately filed by the parties.

Dated: April 24, 2018

/s/ Michael W. Battle
Michael W. Battle, Fed ID #1243 (mbattle@battlelawsc.com)
James R. Battle, Fed. ID #10221 (jbattle@battlelawsc.com)
ATTORNEYS FOR DEFENDANTS
CITY OF MYRTLE BEACH AND
THE CITY OF MYRTLE BEACH POLICE DEPARTMENT
BATTLE LAW FIRM, LLC
PO Box 530
1200 Main Street
Conway, SC 29528
(843) 248-4321 (tel)
(843) 248-4512 (fax)

/s/ Peter Wilborn
D. Peters Wilborn, Jr. (ID #7609)
Law Office of Peter Wilborn
57 Cannon Street
Charleston, SC 29403
(843) 416-9060
peter@bikelaw.com

Reed N. Colfax*
Tara K. Ramchandani*
Ryan C. Downer*
Laura Gaztambide-Arandes*
Relman, Dane & Colfax, PLLC
1225 19th Street, N.W., Suite 600
Washington, D.C. 20036
(202) 728-1888
rcolfax@relmanlaw.com
tramchandani@relmanlaw.com
rdowner@relmanlaw.com
larandes@relmanlaw.com

Anson Asaka**
Associate General Counsel
National Association for the Advancement of Colored People, Inc.
4805 Mt. Hope Drive
Baltimore, MD 21215
(410) 580-5777
aasaka@naacpnet.org

Joseph Rich*
Dorian L. Spence*
Lawyers' Committee for Civil Rights Under Law
1401 New York Avenue, NW, Suite 400
Washington, DC 20005
(202) 662-8600
jrich@lawyerscommittee.org
dspence@lawyerscommittee.org

*Attorneys for Plaintiffs*

*Admitted Pro Hac Vice*
**Pro Hac Vice Application to be Submitted*

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE, INC., *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF MYRTLE BEACH, *et al.*, <br><br> Defendants. | Civil Action No. 4:18-cv-00554-AMQ <br><br> PROPOSED CONSENT AMENDED SCHEDULING ORDER <br><br> Judge A. Marvin Quattlebaum, Jr. |

Pursuant to the Federal Rules of Civil Procedure and the Local Civil Rules of this Court, the following schedule is established for this case. This order is entered to administer the trial of cases in a manner consistent with the ends of justice, in the shortest possible time, and at the least possible cost to litigants.   Discovery may begin upon receipt of this order.

1. <u>Rule 26(f) Conference</u>: A conference of the parties pursuant to Fed. R. Civ. P. 26(f) was held on **April 12, 2018**.[1]

2. <u>Rule 26(a)(1) Initial Disclosures</u>: No later than **April 30, 2018**, the required initial disclosures under Fed. R. Civ. P. 26(a)(1) shall be made.[2]

3. <u>Rule 26(f) Report</u>: No later than **April 26, 2018**, the parties shall file a Fed. R. Civ. P. 26(f) Report in the form attached to this order.  Parties are hereby notified that Local Civil Rule 26.03 lists additional queries to be answered in the Rule 26(f) Report.  See also Local Civil Rule 26.02 (rules for answering court interrogatories).

---

[1] Plaintiff's counsel shall initiate the scheduling of the Rule 26(f) conference with all counsel known to plaintiff regardless of whether they have filed appearances.  At conference, the parties shall confer concerning all matters set forth in Rule 26(f) and whether the schedule set forth in this order is appropriate and, if not, what modifications are necessary.  See attached form – RULE 26(f) REPORT. The parties shall also consider whether they wish to consent to trial before a United States Magistrate Judge (form available on website).

[2] Pursuant to Fed. R. Civ. P. 26(a)(1), the parties may, by stipulation, agree not to make some or all of the Rule 26(a)(1) initial disclosures.  If such a stipulation is made, it shall be confirmed in writing between the parties.  See Fed. R. Civ. P. 29 and Local Civil Rule 29.01.

1

4. <u>Mediation</u>: Mediation shall be completed in this case on or before **December 10, 2018**.[3]  See Judge Quattlebaum's Standing Mediation Order which sets forth mediation requirements.

5. <u>Amendment of Pleadings</u>: Motions to join other parties and amend the pleadings (Fed. R. Civ. P. 16(b)(3)(A)) shall be filed no later than **July 30, 2018**.[4]

6. <u>Expert Witnesses</u>: Parties shall file and serve a document identifying by full name, address, and telephone number each person whom they expect to call as an expert at trial and certifying that a written report prepared and signed by the expert including all information required by Fed. R. Civ. P. 26(a)(2)(B) has been disclosed to the parties by the following dates:
   Plaintiff:        **August 24, 2018**
   Defendant:   **September 24, 2018**

7. <u>Records Custodian Witnesses</u>:  Counsel shall file and serve affidavits of records custodian witnesses proposed to be presented by affidavit at trial no later than **October 12, 2018**. Objections to such affidavits must be made within fourteen (14) days after the service of the disclosure. (See Fed. R. Evid. 803(6), 902(11), or 902(12) and Local Civil Rule 16.02(D)(3)).

8. <u>Discovery</u>:  Discovery shall be completed no later than **November 12, 2018**.  All discovery requests shall be served in time for the responses thereto to be served by this deadline.  No motions relating to discovery shall be filed until counsel have consulted and attempted to resolve the matter as required by Local Civil Rule 7.02 and have had a telephone conference with Judge Quattlebaum in an attempt to resolve the matter informally.  **The request for a telephone conference should be made within the time limit prescribed by local rule for filing such a motion.**  Making the request is considered an active attempt to resolve the discovery dispute and will extend the deadline for the motion to compel.  See Local Civil Rule 37.01.  If the parties are unable to resolve the matter at the conclusion of the telephone conference, Judge Quattlebaum will instruct the parties as to a briefing schedule to govern any motion the parties wish to file with the Court.  Attorneys should send a request for a telephone conference via e-mail to Quattlebaum_ecf@scd.uscourts.gov with dates and times available for all parties.

---

[3] If any cases are settled, notify the Case Manager at the Clerk of Court's office. Normally, the Court will enter a conditional order of dismissal ("Rubin Order") which allows the parties an additional sixty days to effect the agreed-to settlement. If the conditional order of dismissal is not acceptable to the parties, counsel shall be responsible for prompt submission of dismissal papers.

[4] Late requests to amend are strongly discouraged, especially if the amendment would add a party. Any request to amend after the scheduling order deadline should include an explanation of why the amendment could not have been sought earlier. Parties who delay seeking to amend until late in the litigation, especially as to known potential parties, risk denial of their motions.

        Parties should briefly set forth the nature of the dispute and the efforts undertaken by the parties to resolve the matter prior to making the request.

9. <u>Dispositive Motions</u>: The parties shall file any dispositive motions by **November 26, 2018**.[5]

10. <u>Motions in Limine</u>: Motions in limine must be filed no later than fourteen (14) days prior to jury selection. Written responses are due seven (7) days thereafter.

11. <u>Pretrial Conferences</u>: The Court may conduct pretrial conferences in cases to be tried.

12. <u>Pretrial Disclosures</u>: All attorneys and unrepresented parties are reminded of their obligations under the Federal Rules of Civil Procedure and Local Civil Rules of this District, including their obligations under Fed. R. Civ. P. 26(a)(3). No later than twenty-one (21) days prior to jury selection, the parties shall file and exchange Fed. R. Civ. P. 26(a)(3) pretrial disclosures. Within seven (7) days thereafter, a party shall file and exchange Fed. R. Civ. P. 26(a)(3) objections, any objections to use of a deposition designated by another party and any deposition counter-designations under Fed. R. Civ. P. 32(a)(6).

13. <u>Pretrial Briefs</u>:  Parties shall furnish the Court and serve to opposing counsel pretrial briefs seven (7) days prior to the date set for jury selection (Local Civil Rule 26.05) by 5:00 p.m. Submissions with the pretrial brief include: special voir dire, special jury instruction requests, a proposed verdict form, exhibit list, witness list, and certificate of compliance with Local Civil Rule 26.07 (meet, mark, and exchange exhibits). Attorneys shall meet at least seven (7) days prior to the date set for submission of pretrial briefs for the purpose of exchanging and marking all exhibits intended to be used at trial (other than those solely intended for impeachment purposes). See Local Civil Rule 26.07. The parties shall not renumber their exhibits after the exhibit list is prepared and this meeting has occurred. If items are deleted, they should simply be struck through or marked "WITHDRAWN." See Local Civil Rule 26.07(c). Parties should send a copy of their full pretrial brief via email to Quattlebaum_ecf@scd.uscourts.gov in WordPerfect or MS Word format with copy to opposing counsel. The Court directs the parties' attention to Local Civil Rules 26.05 and 26.07 regarding these pretrial matters.

---

[5] The Court directs the parties' attention to Local Rule 7.01 *et seq*. which governs motion practice. Hearings on motions are not automatic. The Court may decide motions without a hearing. If a party opposes a motion which has been filed, that party must file a response to the opposed motion within fourteen (14) days of the date the motion was filed. If no response in opposition is filed, the Court may assume that the party consents to the Court's granting the motion. The Court may also request an expedited response to the motion.

      14.    <u>Trial</u>:  This case is subject to being called for jury selection and/or trial on or after **February 11, 2019**.[6]

The parties' attention is directed to the Special Pretrial Instructions for Cases Before Judge A. Marvin Quattlebaum, Jr., available on the District Court's website at www.scd.uscourts.gov.[7]

Date: _____                                          _____
Greenville, South Carolina                                   A. Marvin Quattlebaum, Jr.
                                                                             United States District Judge

---

[6] The Court directs the parties' attention to No. 14 of the standard preferences of the District Court and encourages litigants to be mindful of opportunities for young lawyers to conduct hearings before the Court and participate at trial.

[7] If it becomes necessary to seek an extension of time, you may file a motion addressing the following:
- Date of the current deadline;
- Whether the deadline has been extended before;
- The number of additional days requested, and proposed new deadline;
- Whether the extension would affect other deadlines, including but not limited to the trial date in this matter; and
- If opposing counsel agrees or opposes the extension;
- If opposing counsel opposes, the reason for the lack of consent to the extension.

4