# UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# FLORENCE DIVISION

| | |
|---|---|
| NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE, INC., *et al.*,<br><br>          Plaintiffs,<br><br>          v.<br><br>CITY OF MYRTLE BEACH, *et al.*,<br><br>          Defendants. | Civil Action No. 4:18-cv-00554-AMQ |

## PLAINTIFFS' MOTION TO EXCLUDE EXHIBITS

Plaintiffs hereby submit their Motion to Exclude Exhibits in anticipation of the May 8, 2018 hearing on Plaintiffs' Motion for Preliminary Injunction and pursuant to the Court's May 2, 2018 order. *See* Dkt. 44.

On February 28, 2018, Plaintiffs filed their Motion for Preliminary Injunction seeking to enjoin the City of Myrtle Beach and the Myrtle Beach Police Department ("Defendants") from once again executing a discriminatory traffic plan during Black Bike Week. *See* Dkt. 6. The Defendants filed their memorandum in opposition, along with 45 exhibits, on March 28, 2018. *See* Dkt. 24. Defendants have indicated that they may use the exhibits attached to their Opposition – along with five additional exhibits they have provided to Plaintiffs' Counsel – during their presentation at the Court's scheduled May 8, 2018 hearing on Plaintiffs' Motion. Plaintiffs object to four of Defendants' exhibits because they are irrelevant, lack of foundation, and create the risk of unfair prejudice. Those exhibits are: exhibit 16 (Charlottesville Report), exhibit 36 (Shooting Video 2014), exhibit 37 (Block Party Video), and exhibit 38 (Block Party Video – Balcony).

1

Defendants' exhibit 16 is a copy of a report by the law firm Hunton & Williams titled "Final Report, Independent Review of the 2017 Protest Events in Charlottesville, Virginia," and is both irrelevant and lacking in foundation. *See* Dkt. 24-15.  The 219-page report was commissioned by the City of Charlottesville to provide an "independent assessment on the City's handling of several protest events in the summer of 2017." The "protest events" refer to three protests in May, July, and August of 2017 sparked by Charlottesville's decision to remove the statue of a confederate general Robert E. Lee from one of its parks.  The protests led to significant civil disobedience, civic discord, and violence.  Defendants cite to this report once in their opposition to support their claim that: "[t]he tragic consequences of outside political interventions during uncertain events was demonstrated during the summer of 2017 in Charlottesville, Virginia." *See* Dkt. 24 at 9-10.

Federal Rule of Evidence 401(b) states that evidence is only relevant if "the fact is of consequence in determining the action." The Charlottesville protests are in no way comparable to Black Bike Week and are of no consequence in this case.  Black Bike Week is a yearly gathering of predominately African-American motorcycle enthusiasts and not a highly charged political protest where opposing sides take over public space to voice fierce disagreement. Charlottesville's response or the lessons learned from the response to the protest provide no lessons for Black Bike Week or similar gatherings in Myrtle Beach. Defendants have provided no evidence that they relied on, or even considered, what happened in Charlottesville in 2017 in designing and implementing the 2018 Black Bike Week traffic plan.  Indeed, the 2018 plan is virtually identical to the plan initially designed in 2015, which occurred prior to the Charlottesville protests. The only reason for including the Charlottesville document is to elicit a reaction of fear based on the tragic consequences of the protests (where 32-year-old Heather

Heyer was killed). Thus, in addition to having no probative value, exhibit 16 relevant is also likely to result in unfair prejudice and the confusion of issues. Fed. R. Evid. 403.

Exhibits 36-38 are three video clips of events supposedly taking place during Black Bike Week 2014. Exhibits 37 and 38 purport to be clips of Black Bike Week attendees dancing in the street. Exhibit 36 purports to be a video clip of violence that occurred on Ocean Boulevard during Memorial Day Weekend 2014. *See* Dkt. 6 at 17. Defendants' cite to these videos as justification for their implementation of the current traffic plan. *See* Dkt. 24 at 4, 18. However, these videos are included in Defendants' opposition without *any* evidence to support authentication or reliability. For example, there is no evidence indicating the location, date, or context of the videos or who recorded the videos. These amateur, bystander videos appear to be just taken off the internet. The very fact that Plaintiffs are left to hypothesize about the date and location of these videos demonstrates the lack of foundation Defendants have provided in support of these exhibits. *See* Fed. R. Evid. 602, 901. Absent foundation, Plaintiffs and the Court will be left without any means of assessing the evidence, creating a substantial risk of unfair prejudice pursuant to Rule 403.

For these reasons, Plaintiffs' respectfully request that the Court exclude Defendants' exhibits 16, 36-38, including their use at the May 8, 2018 hearing, from its consideration of Plaintiffs' Motion for Preliminary Injunction.

Dated: May 4, 2018                           Respectfully submitted,

                                             /s/ Peter Wilborn
                                             D. Peters Wilborn, Jr. (ID #7609)
                                             Law Office of Peter Wilborn
                                             57 Cannon Street
                                             Charleston, SC 29403
                                             (843) 416-9060
                                             peter@bikelaw.com

Reed N. Colfax (admitted *pro hac vice*)
Tara K. Ramchandani (admitted *pro hac vice*)
Ryan C. Downer (admitted *pro hac vice*)
Laura Gaztambide-Arandes (admitted *pro hac vice*)
Relman, Dane & Colfax, PLLC
1225 19th Street, N.W., Suite 600
Washington, D.C. 20036
(202) 728-1888
rcolfax@relmanlaw.com
tramchandani@relmanlaw.com
rdowner@relmanlaw.com
larandes@relmanlaw.com

Joseph Rich (admitted *pro hac vice*)
Dorian L. Spence (admitted *pro hac vice*)
Lawyers' Committee for Civil Rights Under Law
1401 New York Avenue, NW, Suite 400
Washington, DC 20005
(202) 662-8600
jrich@lawyerscommittee.org
dspence@lawyerscommittee.org

Anson Asaka (*pro hac vice* application to be submitted)
Associate General Counsel
National Association for the Advancement of Colored People, Inc.
4805 Mt. Hope Drive
Baltimore, MD 21215
(410) 580-5777
aasaka@naacpnet.org

*Attorneys for Plaintiffs*

4

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 4th day of May, 2018, a true and correct copy of the foregoing Plaintiffs' Motion to Exclude Exhibits was served via CM-ECF on all attorneys of record.

                                      /s/ Peter Wilborn
                                      Peter Wilborn