RECEIVED
USDC CLERK, FLORENCE, SC

2006 FEB -6 I A 10: 21

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

National Association for the Advancement of )
Colored People, Inc. by its Conway Branch, )
Craig Williams, Lewis Ely, Jr., Jocelyn )
Mercer-Brown, Merle Stewart, Washica Little, )
Michael Little, Michael Good, Christopher )
Coleman, Barbara Coleman, Anthony Tonic, )
　　　　　　　　　　　　　　　　　　　　　　　)
　　　　　　　Plaintiffs, )
　　　　　　　　　　　　　　　　　　　　　　　) Civil Action No. 4:03-1732-TLW
vs. )
　　　　　　　　　　　　　　　　　　　　　　　)
City of Myrtle Beach, a municipal corporation, )
Warren Gall, in his official capacity as the )
Chief of the Myrtle Beach Police Department, )
Horry County, a body politic and subdivision )
of the State of South Carolina, )
　　　　　　　　　　　　　　　　　　　　　　　)
　　　　　　　Defendants. )

## SETTLEMENT AGREEMENT AND ORDER

For and in consideration of the mutual promises and undertakings contained herein, the parties hereby agree to the following settlement of the above captioned suit and jointly move for the entry of this Settlement Agreement and Order

### I. JURISDICTION

This Court has jurisdiction over this action pursuant to the provisions of 28 U.S.C. § 1331, 28 U.S.C § 1343(a), and 28 U.S.C. § 2201

### II. DEFINITIONS

　　A. "Harley Week" refers to the Harley-Davidson Spring Bike Rally currently sponsored by the Harley Dealers Association, which generally is held in mid-May

B. "Atlantic Beach Bikefest" refers to the Friday, Saturday, and Sunday of the federal Memorial Day Weekend holiday during which the Town of Atlantic Beach currently sponsors the Atlantic Beach Bikefest (a.k.a. "Black Bike Week").

C. "Weekend" refers to the primary weekend of Harley Week on Thursday, Friday, and Saturday, and the primary weekend of the Atlantic Beach Bikefest on Friday, Saturday, and Sunday of the Memorial Day Weekend.

D. "Plaintiffs" refer to the named Plaintiffs in this suit;

E. "NAACP" refers to the Plaintiff Conway Branch of the National Association for the Advancement of Colored People;

F. "City" refers to Defendant City of Myrtle Beach;

G. "Court" refers to the Federal District Court, District of South Carolina, Florence Division.

H. "Action" refers to the claims brought by the Plaintiffs against the City and Defendant Warren Gall, and the City's and Gall's asserted claims and defenses raised in response.

I. "Traffic restrictions, pattern or plan" means the alteration of the normal flow of traffic in some manner on Ocean Boulevard, such as the number of available vehicle travel lanes, the public and or governmental uses of the travel lanes, the direction of the traffic lanes, and the use and enforcement of any turn restrictions as to ingress and egress of Ocean Boulevard.

2

### III. TRAFFIC RESTRICTIONS

A. The City shall use the same traffic restrictions, pattern or plan on Ocean Boulevard from 29th Avenue North to 17th Avenue South, during the times of 2:00 p.m. through midnight of the Harley and Atlantic Beach Bikefest Weekends.

B. After midnight and until 2:00 p.m. of the Harley and Atlantic Beach Bikefest Weekends, the City may act in its legally permissible discretion to either fully leave in place or fully withdraw the imposition of the traffic restrictions, patterns or plans for either Weekend.

### IV. POLICING

A. The City agrees and acknowledges that the Memorandum of Agreed Police Policies, attached as Attachment A ("Memorandum"), already is or shall be incorporated into the policy and practices of the Myrtle Beach Police Department. For the purposes of enforcing this Order, the parties agree the City's only obligation with respect to Attachment A is to incorporate those policies into existing policies and practices, if said policies are not now included.

B. The City agrees to continue to provide training instruction to all law enforcement personnel deployed by or on behalf of the City during the Atlantic Beach Bikefest Weekend. This training shall consist of notification and explanation of this Settlement Agreement and Order and the attached Memorandum, as well as training instruction on policing crowds, and on cultural and community sensitivity (including training on interactions with persons from different racial and ethnic groups) All law enforcement personnel deployed by the City who are employed by any county or by any municipality, including the City, shall be required to undergo

3

the above-described notification and training prior to being deployed. Although the City cannot require law enforcement personnel employed by the State of South Carolina (such as SLED, DPS, DNR, PPP, and State Constables) to undergo this notification and training, the City agrees to invite and encourage those state officers to attend the training instruction.

## V. CONFERENCES

The parties agree that the City (including the Chief of the Myrtle Beach Police Department) and the NAACP shall meet in person prior to and following the Harley and Atlantic Beach Bikefest Weekends at a mutually convenient time and place. The purpose of these meetings is to open and maintain communication between the parties. During these meetings, the parties will discuss the City's development and implementation of operational plans for the Atlantic Beach Bikefest Weekend and Harley Week. During the meetings, the City will provide the NAACP reasonable access to the written operational plans for both events in advance of the events, and specifically advise the NAACP of any proposed differences in the traffic plans and policing of each Weekend. However, the City has no obligation to discuss nor disclose any information related to the Outlaw Biker Gang Detail deployed during Harley Week. Moreover, to the extent the City changes its plans after the meeting described above and/or exercises its discretion as provided in Paragraph III to treat the events differently, the City will notify the NAACP of any such changes prior to the Atlantic Beach Bikefest Weekend.

4

## VI. AMENDMENT AND SUNSET

A. This Settlement Agreement and Order may not be amended or modified, except in a writing that is executed by all parties and this Court, or by Order of this Court upon a motion by one party with notice to the other parties.

B. This Settlement Agreement and Order shall expire and be of no force and effect as of July 31, 2010. At that date, any and all parties shall be relieved of any and all obligations under this Settlement Agreement and Order.

## VII. ENFORCEMENT

A. This Court retains jurisdiction for the purposes of enforcing this Settlement Agreement and Order, and either party may make a motion before this Court to enforce its terms.

B. If any dispute arises between the Parties regarding the interpretation of, compliance with, or need to revise this Settlement Agreement and Order, the Parties will make good faith efforts to resolve the dispute voluntarily, including exchanging written notices that detail the dispute and the parties' positions, and having face-to-face meetings. If these voluntary efforts fail, the parties shall mediate this disagreement within 60 days thereafter. No motion to resolve disputes as to the interpretation of, compliance with, or need to revise this Settlement Agreement and Order can be made (i) until after completion of mediation, or (ii) upon a showing that the other party has failed to engage in mediation.

C. No motion, other than an emergency motion, may be presented to this Court for resolution, unless and until the Parties have fully exhausted the mediation process described above without successful resolution. The Parties will bring such motions no later than March 15 of any given year, except where a later motion is necessary based on

5

new information or emergencies. An emergency motion must raise an issue that requires immediate resolution and does not allow time for mediation. Any party seeking relief from this Court during the term of this Settlement Agreement and Order must file a certificate describing the steps followed to obtain a voluntarily resolution and the reasons that the matter must be presented to this Court for resolution.

## VIII. COSTS AND ATTORNEYS' FEES

All Parties agree to be responsible for their own costs and attorneys fees incurred in the prosecution and defense of this Action, including any and all taxable costs or attorneys fees allowed under the Federal Rules of Civil Procedure, 42 U.S.C. § 1988, 42 U.S.C. § 3789d, or other applicable provision of law.

## IX. RESOLUTION OF DISPUTE

The Parties hereby agree that this Settlement Agreement and Order resolves the claims and defenses raised in the Action, and release and forever discharge each other, their council members, officers, members, employees, and insurers from any and all claims, defenses, and causes of action set forth in the Action. This release does not relieve any party from performing any obligation contained within this Settlement Agreement and Order.

## X. CITY MANAGER'S AUTHORITY

The Parties acknowledge that the City Manager is the chief executive officer of the City, and that Defendant Gall works for and under the direction of the City Manager. Specifically, the Parties acknowledge that the City Manager, not Defendant Gall, makes the final decisions related to traffic plans, policing, and compliance with this Settlement Agreement and Order. The City Manager, on behalf of the City, is authorized to execute this Settlement Agreement and Order on behalf of the City, and agrees to be bound by the terms herein.

## XI. NAACP'S AGENCY

The individual Plaintiffs hereby appoint and designate the NAACP to represent them and their interest as to any obligations imposed upon the Plaintiffs in this Settlement Agreement and Order, and the NAACP agrees to be bound by the terms herein.

## XII. OTHER PROVISIONS

A. The Parties understand and acknowledge that this Settlement Agreement and Order arises out of disputed claims and defenses, and that this Settlement Agreement and Order shall not be considered by any party as an admission or recognition as to the validity of those claims and defenses set forth in the Action

B. The Parties agree that this written Settlement Agreement and Order and the attached Memorandum is a complete integration of the Parties' agreement, and that there are no terms and conditions to settlement unless specifically set forth herein.

[continued on next page]

FROM :                                  FAX NO. :                           Jan. 28 2003 03:41PM P1

### XIII. SIGNATURES OF PARTIES

This Settlement Agreement and Order may be signed in counterparts, which together shall constitute one agreement. No signatory hereto shall be bound until the parties named below have duly executed a counterpart of this Settlement Agreement and Order, and the Court has approved this Settlement Agreement and Order

IN WITNESS WHEREOF:

NAACP, CONWAY BRANCH

By: _____
Kenneth Floyd, its President

_____
Craig Williams

_____
Lewis Ely, Jr

_____
Jocelyn Mercer-Brown

_____
Washica Little

_____
Michael Little

_____
Michael Good

_____
Christopher Coleman

_____
Barbara Coleman

_____
Anthony Tonic

CITY OF MYRTLE BEACH

By: _____
Thomas E. Leath, City Manager
By and on behalf of the City of Myrtle Beach

_____
Warren Gall, Chief
City of Myrtle Beach Police Department

8

1-23-08;18:31    QWATF                                410 366 3628    # 2/ 2

## XIII. SIGNATURES OF PARTIES

This Settlement Agreement and Order may be signed in counterparts, which together shall constitute one agreement. No signatory hereto shall be bound until the parties named below have duly executed a counterpart of this Settlement Agreement and Order, and the Court has approved this Settlement Agreement and Order

IN WITNESS WHEREOF:

| NAACP, CONWAY BRANCH | CITY OF MYRTLE BEACH |
|---|---|
| By:_____<br>　　Kenneth Floyd, its President<br><br>_____<br>Craig Williams | By:_____<br>Thomas E. Leath, City Manager<br>**By and on behalf of the City of Myrtle Beach** |
| _____<br>Lewis Ely, Jr | _____<br>Warren Gall, Chief<br>**City of Myrtle Beach Police Department** |
| _____<br>Jocelyn Mercer-Brown | |
| _____<br>Washica Little | |
| _____<br>Michael Little | |
| _____<br>Michael Good | |
| _____<br>Christopher Coleman | |
| _____<br>Barbara Coleman | |
| _____<br>Anthony Tonic | |

8

## XIII. SIGNATURES OF PARTIES

This Settlement Agreement and Order may be signed in counterparts, which together shall constitute one agreement. No signatory hereto shall be bound until the parties named below have duly executed a counterpart of this Settlement Agreement and Order, and the Court has approved this Settlement Agreement and Order

IN WITNESS WHEREOF:

NAACP, CONWAY BRANCH

By:_____
Kenneth Floyd, its President

Craig Williams
_____ 1/23/06
Lewis Ely, Jr.

_____
Jocelyn Mercer-Brown

_____
Washice Little

_____
Michael Little

_____
Michael Good

_____
Christopher Coleman

_____
Barbara Coleman

_____
Anthony Tonic

CITY OF MYRTLE BEACH

By:_____
Thomas E. Leath, City Manager
By and on behalf of the City of Myrtle Beach

_____
Warren Gall, Chief
City of Myrtle Beach Police Department

8

## XIII. SIGNATURES OF PARTIES

This Settlement Agreement and Order may be signed in counterparts, which together shall constitute one agreement. No signatory hereto shall be bound until the parties named below have duly executed a counterpart of this Settlement Agreement and Order, and the Court has approved this Settlement Agreement and Order

**IN WITNESS WHEREOF:**

| NAACP, CONWAY BRANCH | CITY OF MYRTLE BEACH |
|---|---|
| By:_____<br>Kenneth Floyd, its President | By:_____<br>Thomas E. Leath, City Manager<br>**By and on behalf of the City of Myrtle Beach** |
| _____<br>Craig Williams | |
| _____<br>Lewis Ely, Jr. | _____<br>Warren Gall, Chief<br>**City of Myrtle Beach Police Department** |
| *Jocelyn Mercer-Brown* (signed)<br>Jocelyn Mercer-Brown | |
| _____<br>Washica Little | |
| _____<br>Michael Little | |
| _____<br>Michael Good | |
| _____<br>Christopher Coleman | |
| _____<br>Barbara Coleman, | |
| _____<br>Anthony Tonic | |

8

## XIII. SIGNATURES OF PARTIES

This Settlement Agreement and Order may be signed in counterparts, which together shall constitute one agreement. No signatory hereto shall be bound until the parties named below have duly executed a counterpart of this Settlement Agreement and Order, and the Court has approved this Settlement Agreement and Order.

**IN WITNESS WHEREOF:**

**NAACP, CONWAY BRANCH**

By:_____
    Kenneth Floyd, its President

_____
Craig Williams

_____
Lewis Ely, Jr.

_____
Jocelyn Mercer-Brown

_____
Washica Little

_____
Michael Little

_____
Michael Good

_____
Christopher Coleman

_____
Barbara Coleman

_____
Anthony Tonic

**CITY OF MYRTLE BEACH**

By:_____
Thomas E. Leath, City Manager
By and on behalf of the City of Myrtle Beach

_____
Warren Gall, Chief
City of Myrtle Beach Police Department

8

## XIII. SIGNATURES OF PARTIES

This Settlement Agreement and Order may be signed in counterparts, which together shall constitute one agreement. No signatory hereto shall be bound until the parties named below have duly executed a counterpart of this Settlement Agreement and Order, and the Court has approved this Settlement Agreement and Order

IN WITNESS WHEREOF:

| NAACP, CONWAY BRANCH | CITY OF MYRTLE BEACH |
|---|---|
| By:_____<br>Kenneth Floyd, its President | By:_____<br>Thomas E. Leath, City Manager<br>By and on behalf of the City of Myrtle Beach |
| _____<br>Craig Williams | |
| | _____<br>Warren Gall, Chief<br>City of Myrtle Beach Police Department |
| _____<br>Lewis Ely, Jr | |
| _____<br>Jocelyn Mercer-Brown | |
| _____<br>Washica Little | |
| _____<br>Michael Little | |
| /s/ _____<br>Michael Good | |
| _____<br>Christopher Coleman | |
| _____<br>Barbara Coleman | |
| _____<br>Anthony Tonic | |

8

## XIII. SIGNATURES OF PARTIES

This Settlement Agreement and Order may be signed in counterparts, which together shall constitute one agreement. No signatory hereto shall be bound until the parties named below have duly executed a counterpart of this Settlement Agreement and Order, and the Court has approved this Settlement Agreement and Order

**IN WITNESS WHEREOF:**

| NAACP, CONWAY BRANCH | CITY OF MYRTLE BEACH |
|---|---|
| By:_____  _____<br>  Kenneth Floyd, its President | By _____<br>Thomas E. Leath, City Manager<br>**By and on behalf of the City of Myrtle Beach** |
| _____  _____<br>Craig Williams | |
| _____  _____<br>Lewis Ely, Jr. | _____<br>Warren Gall, Chief<br>**City of Myrtle Beach Police Department** |
| _____  _____<br>Jocelyn Mercer-Brown | |
| _____  _____<br>Washica Little | |
| _____  _____<br>Michael Little | |
| _____  _____<br>Michael Good | |
| *[signature]*<br>Christopher Coleman | |
| *[signature: Barbara Coleman]*<br>Barbara Coleman | |
| _____  _____<br>Anthony Tonic | |

8

## XIII. SIGNATURES OF PARTIES

This Settlement Agreement and Order may be signed in counterparts, which together shall constitute one agreement. No signatory hereto shall be bound until the parties named below have duly executed a counterpart of this Settlement Agreement and Order, and the Court has approved this Settlement Agreement and Order.

IN WITNESS WHEREOF:

| NAACP, CONWAY BRANCH | CITY OF MYRTLE BEACH |
|---|---|
| By:_____<br>Kenneth Floyd, its President | By:_____<br>Thomas E. Leath, City Manager<br>By and on behalf of the City of Myrtle Beach |
| _____<br>Craig Williams | _____<br>Warren Gall, Chief<br>City of Myrtle Beach Police Department |
| _____<br>Lewis Ely, Jr. | |
| _____<br>Jocelyn Mercer-Brown | |
| _____<br>Washica Little | |
| _____<br>Michael Little | |
| _____<br>Michael Good | |
| _____<br>Christopher Coleman | |
| _____<br>Barbara Coleman | |
| /s/ Anthony Tonic<br>Anthony Tonic | |

8

## XIV. ORDER

Based on the Parties' joint motion for entry of this Settlement Agreement and Order and the Court's satisfaction that this Settlement Agreement and Order is in the public interest, it is hereby ORDERED, DECREED, and ADJUDGED that the Settlement Agreement and Order is approved and entered. It is hereby further ORDERED that this case is terminated, subject to the Court's continuing jurisdiction to enforce and modify this Settlement Agreement and Order.

IT IS SO ORDERED

_____
Terry L. Wooten
United States District Judge

Dated: February 6, 2006

## ATTACHMENT A

## MEMORANDUM OF AGREED POLICE POLICIES

A. Settlement discussions among the parties revealed the existence of shared principles and common goals, notwithstanding the existence of differing litigation positions of the parties. The parties recognize the importance of enforcing laws firmly, fairly, impartially, and consistently all year round without regard to the race or ethnicity of the citizen. The parties also recognize the importance of substantially similar treatment of tourists and visitors to the City of Myrtle Beach during both the Atlantic Beach Bikefest Weekend and Harley Week (as those events are defined in the Settlement Agreement and Order). The parties recognize that even the perception of different treatment based on race is a concern that should be addressed.

B. The City of Myrtle Beach and the Myrtle Beach Police Department ("MBPD") assert, and the NAACP recognizes, that the key principles and some of the policies outlined below are reflected in the MBPD's current regulations, policies, and procedures. The City of Myrtle Beach, in particular, has a zero tolerance policy for any type of harassment or discrimination, be it related to ethnicity, gender, national origin, religion, disability, age, or orientation. In the public interests of resolving this lawsuit, and supporting lawful and nondiscriminatory methods to promote public safety during significant tourists weekends in the City of Myrtle Beach, the parties agree to re-affirm these principles and policies below.

C. The City retains its discretion to use and deploy the appropriate number of Police Officers and use the appropriate police methods and practices during the Atlantic Beach Bikefest Weekend, subject to the following restrictions:

    1  The City reaffirms that it will apply nondiscriminatory factors, standards, and criteria in deciding (a) the number of Police Officers[1] and State law enforcement officials to be deployed during the Atlantic Beach Bikefest Weekend, (b) the operational plan and enforcement guidelines to be used during the Atlantic Beach Bikefest Weekend, and (c) other police policies and practices during the Atlantic Beach Bikefest Weekend. The discretionary deployment of Police Officers and police methods and practices applicable during the Atlantic Beach Bikefest Weekend will be reasonable and decided in the same manner as at any other time of the year

---

    1  The term "Police Officer" is defined as any law enforcement personnel employed by any county or municipality (including the City) and which is deployed by the City during the Atlantic Beach Bikefest Weekend. This term shall not include any state law enforcement official including but not limited to personnel from SLED, DPS, DNR, PPP, or State Constable.

10

(including Harley Week), and race will not play any part in the decision-making process. See MBPD Administrative Regulations and Operating Procedures ("MBPDAROP"), including Statement of Philosophy, Mission Statement, and Policy No. 117.

2. The City reaffirms that all Police Officers deployed to the City of Myrtle Beach during the Atlantic Beach Bikefest Weekend shall continue to be prohibited from discriminating against any civilians, including tourists and visitors, on the basis of race, ethnicity, or color. See MBPDAROP Policy No. 117.

3. Operational plans and enforcement guidelines applicable to the Atlantic Beach Bikefest Weekend will provide that all applicable federal, state, and local laws will be enforced fairly, impartially, and consistently with the enforcement of such laws during Harley Week. To the extent certain offenses provide for some officer discretion based on the individual or collective behavior at the time of the violation (e.g., alcohol-related offenses, noise violations, pedestrians blocking vehicular traffic), such discretion will be applied equally to the Atlantic Beach Bikefest Weekend as applied during Harley Week. See MBPDAROP Policy No. 116.

4. To the extent that human resources allow during the Atlantic Beach Bikefest Weekend, the Myrtle Beach Police Department will endeavor to facilitate the flow of traffic through the intersection of Ocean Boulevard and Kings Highway, and other intersections along Ocean Boulevard where appropriate.

5. Consistent with the custom, practice, and procedure of the MBPD, all Police Officers deployed by or under the command of the MBPD during the Atlantic Beach Bikefest Weekend shall continue to wear regular duty uniforms pursuant to MBPDAROP Policy No. 201-C and no officer under the command of MBPD shall wear tactical gear (BDU's), such as flak jackets, gloves, and helmets except when made necessary and appropriate by emergency circumstances. Emergency circumstances do not include the standard deployment of officers to routinely control traffic and crowds, including the routine traffic control used during the Atlantic Beach Bikefest Weekend along Ocean Boulevard. This restriction on the use of tactical gear shall not apply to the City's Critical Incident Team governed by General Operations Policy Number 234, or the Special Operation Response Team governed by General Operations Policy Number 235, or Special Weapons and Tactical Units operating under Intergovernmental Agreements dealing with emergency response teams. Such emergency response teams are not ordinarily utilized for traffic and routine crowd control, but rather address strategically extraordinary situations involving imminent harm to persons or property.

11

6      Consistent with the custom, practice, and procedure of the MBPD, all Police Officers deployed to the City of Myrtle Beach during the Atlantic Beach Bikefest Weekend will continue to provide their name and any badge or officer identification number to any citizen or civilian who requests it without retaliation for such a request.

       Consistent with the custom, practice, and procedure of the MBPD, the Myrtle Beach Police Department requires all Police Officers deployed to the City of Myrtle Beach during the Atlantic Beach Bikefest Weekend to report, based on personal knowledge, any conduct by other Police Officers, involving civilians, that reasonably appears to constitute (a) substantially different enforcement of laws from that used during Harley Week, (b) prohibited discrimination; (c) unreasonable use of force or threat of force; or (d) an intentional constitutional violation. See MBPDAROP Policy No. 116

8      The Myrtle Beach Police Department has an existing program to receive and address complaints or other feedback regarding the performance of Myrtle Beach police officers. See Administrative Policy 102-A (as amended). During the Atlantic Beach Bikefest Weekend, the Myrtle Beach Police Department shall use this program (as amended by the MBPD) to receive and address complaints or other feedback regarding the performance of any Police Officers deployed to the City, including state law enforcement officials. Such complaints shall be investigated pursuant to Administrative Policy 102-A (as amended) and, under that policy, any complaints of racial discrimination during the Atlantic Beach Bikefest Weekend shall be referred to the Internal Affairs Section. The Myrtle Beach Police Department shall instruct all Police Officers deployed to the City to provide information pertaining to the Myrtle Beach Police Department's complaint review process to any civilian who expresses an interest in providing such complaints or feedback. The Myrtle Beach Police Department shall instruct all Friendship Team members to provide information pertaining to the Myrtle Beach Police Department's complaint review process to any civilian who expresses an interest in providing such complaints or feedbacks.

9.     To the extent that human resources allow, the City will continue to endeavor to assign at least one African American Police Officer to each team assigned to the positions along Ocean Boulevard/the Waterfront.

10.    The leadership of the Myrtle Beach Police Department, including Captains, Lieutenants, and any supervising officers, shall receive training on the requirements set forth in this Memorandum and the Settlement Agreement and Order.

12

  11  The Myrtle Beach Police Department shall institute an effective program to monitor the implementation of and compliance with this Memorandum, and the Settlement Agreement and Order.

D. Isolated instances of alleged racially discriminatory conduct by individual police officers or other isolated violations of the above policies during the the Atlantic Beach Bikefest Weekend shall not be deemed a violation of this Memorandum, or the Settlement Agreement and Order, provided that the City and/or the MBPD uses all reasonable means to implement and make effective the policies identified in this Memorandum during the Atlantic Beach Bikefest Weekend and that the MBPD takes appropriate disciplinary action against the individual officers involved if it finds such discrimination or violations occurred. To the extent the MBPD determines that an officer outside of its control violated the polices identified above, the MBPD will notify that officer's commanders for appropriate disciplinary measures. As part of the Conferences between the City and the NAACP described in the Settlement Agreement and Order, the MBPD will notify the NAACP of the types of disciplinary actions imposed, if any, with respect to the Atlantic Beach Bikefest Weekend.

13