**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**FLORENCE DIVISION**

| | |
|---|---|
| NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE, INC., *et al.*, | |
| Plaintiffs, | |
| v. | Civil Action No. 4:18-cv-00554-SAL |
| CITY OF MYRTLE BEACH, *et al.*, | |
| Defendants. | |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION IN LIMINE TO**
**EXCLUDE EVIDENCE CONCERNING EVENTS THAT OCCURRED AFTER**
**DISCOVERY**

Plaintiffs respectfully file this memorandum in support of their Motion in Limine to Exclude Evidence Concerning Events that Occurred After Discovery. Discovery in this matter concluded on July 15, 2019. Yet, Defendant intends to introduce testimony and exhibits regarding Memorial Day Weekend 2020, including three documents with incident reports and statistics. Given that discovery ended in July 2019, and Defendant's exhibits were created almost a year after the close of fact discovery, Plaintiffs would face great prejudice if Defendant is permitted to introduce them, or related testimony, at trial. Plaintiffs have not had an opportunity to conduct a meaningful analysis of the data through additional discovery, and at this stage, Plaintiffs could not conduct the discovery and expert analysis necessary to contextualize or respond to the documents. For these reasons, the Court should grant Plaintiffs' Motion in Limine.

## FACTUAL BACKGROUND

Throughout the course of discovery, Plaintiffs and Defendants ("the Parties") each served extensive written discovery, produced 155,447 documents, served eight expert reports, propounded thirty-five interrogatories and 109 requests for admission, and took forty-three depositions. Plaintiffs also collected and compared data regarding traffic patterns and law enforcement statistics from Black Bike Week and other weekends that draw large crowds to Myrtle Beach, including Harley Week, Fourth of July Weekend, and Labor Day Weekend. At the close of discovery, the Parties had developed an extensive record, consisting of complex facts related to traffic and police operations during weekends that have historically drawn large crowds to Myrtle Beach.

Since the close of discovery, neither party has continually or comprehensively supplemented their discovery responses. Yet, Defendant now proposes to introduce a select, hand-picked set of documents related to events occurring nearly a year after the close of discovery. Defendant's exhibit list includes three documents created in the summer of 2020: two incident reports from the Myrtle Beach Police Department and a statistical report related to the 2020 Memorial Day Weekend.[1] The statistical report is entitled "Motorcycle Rally Statistical Report" and includes the number of arrests and reported crimes, as well as other law enforcement-related data taken during Memorial Day Weekend 2020.  Given that the event itself was outside of the relevant discovery period, and these documents relate to events almost a year after the close of fact discovery, Plaintiffs have not had an opportunity to conduct a meaningful analysis of all the relevant information and data generated during that weekend through expert

---

[1] On August 19, 2020, Defendant produced these documents as supplemental disclosures. The production occurred months after these documents were created — the incident reports were prepared during Memorial Day Weekend and the statistics became available on June 2.

and witness depositions, expert analyses, interrogatories, and requests for production. This informational asymmetry would prejudice Plaintiff's ability to respond to or contextualize the specific pieces of evidence selected by Defendant at trial.

## ARGUMENT

The Court has "substantial discretion in managing discovery." *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc.*, 43 F.3d 922, 929 (4th Cir.1995). Indeed, courts routinely exclude evidence made available after the close of discovery. *DE Techs., Inc. v. Dell Inc.*, 238 F.R.D. 561, 565 (W.D. Va. 2006), *aff'd in part, modified in part*, No. Civ.A. 7:04CV00628, 2007 WL 128966 (W.D. Va. Jan. 12, 2007); *see also, Adalman v. Baker, Watts & Co.,* 807 F.2d 359, 369 (4th Cir. 1986). Motions in limine serve the important role of "allow[ing] a court to rule on evidentiary issues in advance of trial in order to avoid delay, ensure an even-handed and expeditious trial, and focus the issues the jury will consider." *Newkirk v. Enzor*, No. 2:13-1634-RMG, 2017 WL 823553, at *2 (D.S.C. 2017) (internal citations omitted). As a result, courts have the broad discretion to grant a motion in limine. *Kauffman v. Park Place Hosp. Grp.*, 468 Fed. Appx. 220, 222 (4th Cir. 2012). Under Rule 37 of the Federal Rules of Civil Procedure, evidence disclosed after the close of discovery may be excluded if it is prejudicial. *Carolina Canners, Inc. v. PBV Conway-Myrtle Beach, LLC*, No. 4:10-CV-00598-JMC, 2012 WL 2366399, at *1 (D.S.C. June 21, 2012). Post-discovery disclosures may create prejudice when the opposing party is left without any meaningful opportunity to test the evidence. *See id.* Further, motions in limine may be warranted when reopening discovery to mitigate prejudice is too burdensome. *Hillyard Enters., Inc. v. Warren Oil Co.*, No. 5:02-CV-329-H(4), 2003 WL 25904136, at *5 (E.D.N.C. July 3, 2003). Here, this Court should hold that Defendants' supplemental disclosures are

prejudicial under the Rules and that mitigating this prejudice would require additional discovery that is impracticable at this time.

**I.    The Court should exclude the supplemental documents and related testimony because they unfairly prejudice Plaintiffs**

Prejudice occurs when the opposing party has no meaningful opportunity to conduct discovery and test the information in the post-discovery disclosures. *See Firehouse Rest. Grp., Inc. v. Scurmont LLC*, No. 4:09-CV-00618-RBH, 2011 WL 3555704, at *3 (D.S.C. Aug. 11, 2011); *E.Q.T. Prod. Co. v. Magnum Hunter Prod., Inc.*, 768 F. App'x 459, 468-69 (6th Cir. 2019); *Innogenetics, N.V. v. Abbott Labs.*, 512 F.3d 1363, 1376 (Fed. Cir. 2008); *Voice Int'l Inc v. Oppenheimer Cine Rentals LLC*, No. LA CV15-08830 JAK (KSx), 2020 WL 1229735, at *3 (C.D. Cal. Feb. 4, 2020); *In re: Gen. Motors LLC Ignition Switch Litig.*, No. 14-MD-2543 (JMF), 2017 WL 2880882, at *4 (S.D.N.Y. July 5, 2017).  The lack of opportunity to conduct follow up discovery affects opposing parties' ability to prepare their case for trial and incorporate the new evidence in their litigation strategy. *Payne v. Exxon Corp.*, 121 F.3d 503, 508 (9th Cir. 1997). Here, Defendant intends to introduce select testimonial and documentary evidence gathered after the close of discovery, which Plaintiffs have not been able to appropriately test within the context of this factually complex case. Unravelling and analyzing all of the relevant factual information about what occurs over various weekends in Myrtle Beach was a herculean undertaking during the discovery process. During the time frame specified by the Court, Plaintiffs sought extensive information about every relevant aspect of the City's treatment of Black Bike Week, and its treatment of other busy weekends. For each year between 2012 and 2019, Plaintiffs reviewed statistics on other activities, traffic plans, traffic patterns, emergency response times, operation plans, City correspondence, and other law enforcement documents for

Black Bike, as well as for other weekends that draw large crowds in Myrtle Beach, including Harley Week, Fourth of July Weekend, and Labor Day Weekend.

The extensive documentary evidence gathered by Plaintiffs during the discovery period was then reviewed and analyzed in depositions and by numerous experts. Plaintiffs analyzed the information in incident reports and statistics from the years prior to 2020 during various depositions, including those of: Renee Hardwick, Director of Emergency 911 Dispatch; Randall Webster, Horry County Emergency Management Department; Warren Gall, Former Police Chief of the Myrtle Beach Police Department; Amy Prock, Police Chief of the Myrtle Beach Police Department; Cathie Rhodes, Myrtle Beach Police Department; Joseph Hill, Police Chief for Horry County; and Saundra Rhodes, Former Police Chief for Horry County. Additionally, Plaintiffs' experts addressed this data in their report. For the expert report of Chief Willie Williams and Chief Mitch Brown, the experts analyzed Myrtle Beach's law enforcement practices for Black Bike Week, Harley Week, Sun Fun Festival, July Fourth, and Labor Day, and the statistics produced by Defendant (of course, excluding the August 19, 2020 disclosures, which were not available at the time of the analyses). *See* Dkt. 137-37, Ex. 98 to Dkt. 134, Pl.'s Response in Opposition to Def.'s Motion for Summary Judgement, Expert Rep. of Brown and Williams. The supplemental report of Allan Parnell focused on CAD data and response times. *See* Ex. 1, Parnell Supplemental Rep. at 4, 10-12, 31-33. Additionally, the report of David Clarke analyzed traffic patterns. *See* Dkt. 137-36, Ex. 97 to Dkt. 134, Pl.'s Response in Opposition to Def.'s Motion for Summary Judgement, Expert Rep. of Clarke.

The hand-selected documents and statistics that Defendant now proffers from Memorial Day Weekend 2020 pale in comparison to both the type and amount of information necessary to adequately analyze and contextualize that weekend. More gravely, Plaintiffs would be unable to

5

counter any testimony offered by Defendant regarding what occurred during that time. Plaintiffs do not have the necessary documentary evidence, deposition testimony, or witness testimony because the discovery period was closed before Memorial Day Weekend 2020. As a result, Plaintiffs are completely in the dark as to what information Defendants may try to introduce through testimony, and would be unable to respond adequately at trial. This is plainly prejudicial, and courts have routinely granted motions in limine in similar situations. *See Adalman*, 807 F.2d at 369; *Lirette v. Popich Bros. Water Transp. Inc.*, 660 F.2d 142, 145 (5th Cir. 1981); *Voice Int'l Inc*, No. LA CV15-08830 JAK (KSx), 2020 WL 1229735, at *3.

## II.     Curing Plaintiffs' prejudice is impracticable because extensive discovery on the eve of trial would be necessary.

Although the Court has authority to extend discovery after its deadline to mitigate prejudice, *DE Techs.*, 238 F.R.D. at 565, *aff'd in part, modified in part*, No. Civ.A. 7:04CV00628, 2007 WL 128966 (W.D. Va. Jan. 12, 2007), courts decline to do so when reopening discovery would be disruptive. When there is little time before trial, and there has been extensive pre-trial proceedings and trial preparation, courts routinely find reopening discovery inappropriate. *See KBS Preowned Vehicles, LLC v. Reviva, Inc.*, No. 1:13 CV 138, 2014 WL 1479196, at *10 (N.D.W. Va. Apr. 14, 2014); *Voice Int'l Inc*, No. LA CV15-08830 JAK (KSx), 2020 WL 1229735, at *6. Moreover, additional discovery after the close of discovery, especially if it includes non-party discovery, can be overly burdensome and prejudicial. *Id*.; *Hillyard Enterprises*, No. 5:02-CV-329-H(4), 2003 WL 25904136, at *5; *In re: Bald Head Island Transp., Inc.*, 124 F. Supp. at 669.

Here, the amount of time before trial and the amount of additional discovery needed weigh against extending discovery to cure Plaintiffs' prejudice. Jury selection is scheduled for October 13, 2020. Briefing for this motion will end on October 23, 2020 – a little more than a

month before trial is scheduled to begin on November 30, 2020. Within that time frame,

additional discovery would be impracticable. Additional discovery to test the information in

Defendant's documents would require further written discovery (Defendant has produced only a

subset of the documents created before, during and after Black Bike Week and other Myrtle

Beach summer weekends) and multiple depositions – of parties, experts, and third-parties.

Plaintiffs would need numerous documents—far more than Defendant chose to provide in its

supplemental disclosure— related to Memorial Day Weekend and other events that drew large

crowds to Myrtle Beach in 2020. Conducting these depositions and reviewing additional

documents would take longer than the time between now and trial. The amount of discovery

needed to mitigate Plaintiffs' prejudice would be burdensome and time-consuming. Therefore,

because additional discovery would be burdensome and prejudicial, it is inappropriate in this

context, and Plaintiffs' motion should be granted.

## CONCLUSION

For the reasons explained above, Plaintiffs' respectfully request that this Court grant its

Motion in Limine to exclude documents, testimony, and related arguments concerning events that

occurred after the close of discovery.


Dated:  October 9, 2020

Respectfully submitted,

/s/ Peter Wilborn
D. Peters Wilborn, Jr. (ID #7609)
Law Office of Peter Wilborn
57 Cannon Street
Charleston, SC 29403
(843) 416-9060
peter@bikelaw.com

Reed N. Colfax (admitted *pro hac vice*)

7

Tara K. Ramchandani (admitted *pro hac vice*)
Kali Schellenberg (admitted *pro hac vice*)
Angela A. Groves (admitted *pro hac vice*)
RELMAN COLFAX PLLC
1225 19th Street, N.W., Suite 600
Washington, D.C. 20036
(202) 728-1888
rcolfax@relmanlaw.com
tramchandani@relmanlaw.com
kschellenberg@relmanlaw.com
agroves@relmanlaw.com

Dorian L. Spence (admitted *pro hac vice*)
Maryum J. Jordan (admitted *pro hac vice*)
Lawyers' Committee for Civil Rights Under Law
1500 K Street NW, Suite 900
Washington, DC, 20005
(202) 662-8600
dspence@lawyerscommittee.org
mjordan@lawyerscommittee.org

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of October, 2020, a true and correct copy of the foregoing Plaintiffs' Motion In Limine to Exclude Evidence Concerning Events that Occurred After Discovery was filed via CM-ECF and served on all attorneys of record.

/s/ Peter Wilborn

D. Peters Wilborn