IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE, INC., *et al*., | Case No.: 4:18-cv-00554-SAL |
| Plaintiffs, | |
| v. | **OPINION AND ORDER** |
| CITY OF MYRTLE BEACH, *et al*., | |
| Defendants, | |

Pending before the Court are Defendants' first and amended second[1] motions in limine. [ECF Nos. 177, 184]. Also pending is Plaintiffs' motion in limine. [ECF No. 179]. For the following reasons, Defendants' first motion in limine, ECF No. 177, and Defendants' amended second motion in limine, ECF No. 184, are GRANTED in PART. Plaintiffs' motion in limine, ECF No. 179, is GRANTED.

### DEFENDANTS' MOTIONS

#### I.  Defendants' First Motion in Limine.

Defendants move the Court for an order preventing the Plaintiffs from introducing evidence at trial of the contents of the Preliminary Injunction Order in *National Association for the Advancement of Colored People v. City of Myrtle Beach* (the "2005 Order"). No. 4:03-1732-25,

---

[1] Defendants filed a second motion in limine, ECF No. 178, in which they ask the Court to prevent Plaintiffs from introducing evidence of physical exhibits at trial which were not timely exchanged. Defendants stated they expected to withdraw this motion or substitute an amended motion after they had time to examine the physical exhibits. *Id*. Defendants then filed an amended second motion in limine, ECF No. 184. Accordingly, Defendants' second motion in limine, ECF No. 178, is DENIED as MOOT.

1

2006 WL 2038257 (D.S.C. July 20, 2006). Defendants argue that any mention of the 2005 Order should be excluded under Rule 403 of the Federal Rules of Evidence because its probative value is substantially outweighed by dangers of unfair prejudice, confusing the issues, and misleading the jury. [ECF No. 177 p.2]. Alternatively, if the Court determines the 2005 Order is admissible, Defendants ask the Court to allow Defendants to offer evidence of the two orders denying Plaintiffs' motions for preliminary injunction in the present action. *Id.* at 3.

Plaintiffs counter that the 2005 Order is highly probative of the historical background and sequence of events in this case: both factors to consider in determining discriminatory intent under the *Arlington Heights* framework. 429 U.S. 252 (1977); [ECF No. 186 p.1]. With respect to the dangers of unfair prejudice, confusing the issues, or misleading the jury, Plaintiffs argue that the dangers do not substantially outweigh the probative value of the 2005 Order and that any potential danger could be addressed by a limiting instruction. [ECF No. 186 p.2]. Finally, Plaintiffs contend the alternative relief sought by Defendants is not proper because prior orders in the same action are generally inadmissible and the preliminary injunction orders in this case are irrelevant. *Id.* at 6.

### a. Background.

In 2003, the NAACP sued the City of Myrtle Beach following the City's implementation of a one-way traffic pattern for "Black Bike Week." [ECF No. 186-2]; 2003 WL 23877894 (D.S.C.) (2003 complaint). At that time, two bike-week events took place in the City of Myrtle Beach in May: "Black Bike Week" and "Harley Week." The parties in the 2003 lawsuit described "Harley Week" as attracting predominantly white tourists and "Black Bike Week" attracting predominantly African-American tourists. *NAACP*, 2006 WL 2038257, at *1 n.1. There, the NAACP challenged the City's one-way traffic pattern for "Black Bike Week" because the City did not impose a similar traffic pattern for "Harley Week." In considering the NAACP's motion for preliminary injunction,

2

the Honorable Terry L. Wooten concluded, "at [that] stage in the proceedings, that race was a

motivating factor in the decision to implement the traffic plans at issue." *Id.* at \*5. Judge Wooten

granted the NAACP's motion for a preliminary injunction, requiring the City of Myrtle Beach to

"maintain a substantially similar traffic pattern during both the 'Black Bike Week' and the 'Harley

Week.'" *Id.* at \*8. The type of traffic pattern—one way, two way, or some other pattern—was

left for the defendants to determine. *Id.* The pattern simply had to "be implemented for both

events." *Id.* On appeal, the Fourth Circuit Court of Appeals stayed the injunction without a

discussion of its merits. [ECF No. 186-4]. Shortly after the 2005 Order, the City of Myrtle Beach

and the NAACP entered into a settlement agreement. [ECF No. 186-3].

### b. Rule 403 of the Federal Rules of Evidence: Legal Standard.

"The court may exclude relevant evidence if its probative value is substantially outweighed by

a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the

jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid.

403. Certain circumstances call for the exclusion of evidence which is of unquestioned relevance.

*Id.* (advisory committee's note to 1972 proposed rules). A court must balance the probative value

of and need for the evidence against the harm likely to result from its admission. *Id.* (citing

Slough, *Relevancy Unraveled*, 5 Kan. L. Rev. 1, 12–15 (1956); Trautman, *Logical or Legal

Relevancy--A Conflict in Theory*, 5 Vand. L. Rev. 385, 392 (1952); McCormick § 152, pp. 319–

321).

### c. Discussion.

#### i. The 2005 Order is Relevant.

Evidence is relevant if it has any tendency to make a fact more or less probable than it would

be without the evidence and the fact is of consequence in determining the action. Fed. R. Evid.

3

401. In *Village of Arlington Heights v. Metropolitan Housing Development Corp*., the Supreme Court held that the historical background and specific sequence of events leading up to the challenged decision are relevant factors in determining whether discriminatory purpose was a motivating factor in the decision. 429 U.S. at 266–67.

Here, the 2005 Order is relevant to and probative of the historical background of the challenged decision in this case. As this Court discussed in its Order resolving Defendant's Motion for Summary Judgment, the 2005 Order is part of the historical background of the decision. [ECF No. p.18]; *Nat'l Ass'n for the Advancement of Colored People, Inc. v. City of Myrtle Beach*, No. 4:18-CV-00554, 2020 WL 4482896, at \*10 (D.S.C. Aug. 4, 2020). Further, the 2005 Order is relevant to and probative of the specific sequence of events leading up to the challenged decision. The 2005 Order imposed requirements on Defendants' treatment of "Black Bike Week." In light of the *Arlington Heights* framework, the 2005 Order satisfies the permissive standard for relevance under Rule 401 of the Federal Rules of Evidence.

### ii. The Procedural Posture of the 2005 Order Takes Away from its Probative Value.

The procedural posture of the 2005 Order detracts from its probative value. A preliminary injunction is issued to protect the plaintiff from irreparable injury and to preserve the court's power to render a meaningful decision after a trial on the merits. 11A Charles Alan Wright and Arthur R. Miller, *Fed. Prac. & Proc. Civ.* § 2947 (3d ed.). The purpose of a preliminary injunction is not to determine any controverted right. *Benson Hotel Corp. v. Woods* 168 F.2d 694, 696 (8th Cir. 1948). In fact, a court may issue a preliminary injunction even though plaintiff's right to permanent relief is still uncertain. 11A Charles Alan Wright and Arthur R. Miller, *Fed. Prac. & Proc. Civ.* § 2947 (3d ed.). Therefore, a party is not required to prove its case on the merits at a preliminary injunction hearing. *Progress Dev. Corp. v. Mitchell*, 286 F.2d 222, 233 (7th Cir.

4

1961).  Given its limited purpose, a preliminary injunction is customarily granted on the basis of procedures that are less formal and evidence that is less complete than in a trial on the merits. *Univ. of Texas v. Camenisch*, 451 U.S. 390, 395 (1981).

The 2005 Order addressed the substance of the NAACP's Equal Protection claim only in evaluating its *likelihood of* success on the merits.  *NAACP*, 2005 WL 2038257, at \*7.  In order to make this determination, the court considered the question of discriminatory intent.  *Id.* at \*4.  The court found "**at this stage in the proceedings**, that race was a motivating factor when the issue of traffic plans was decided."  *Id.* at \*5 (emphasis added).

At the time of Judge Wooten's 2005 Order, the standard for likelihood of success on the merits was governed by *Blackwelder Furniture Co. of Statesville v. Seilig Manufacturing Co.*, 550 F.2d 189 (4th Cir. 1997).  In *Blackwelder*, the Fourth Circuit Court of Appeals "instructed that the likelihood-of-success requirement be considered, if at all, only *after* a balancing of hardships is conducted and then only under the relaxed standard of showing that 'grave or serious *questions* are presented' for litigation."  *Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 575 F.3d 342, 346 (4th Cir. 2009) (emphasis in original), *cert. granted, judgment vacated,* 559 U.S. 1089 (2010), and *adhered to in part sub nom. The Real Truth About Obama, Inc. v. F.E.C.*, 607 F.3d 355 (4th Cir. 2010).  The 2005 Order adhered to this standard, stating:

> If the balance of the hardships "tips decidedly in favor of the plaintiff," then typically it will "be enough that the plaintiff has raised questions going to the merits so serious, substantial, difficult, and doubtful, as to make them fair ground for litigation and thus for more deliberate investigation." *Id.* (citing *Rum Creek Coal Sales, Inc. v. Caperton,* 926 F.2d 353, 359 (4th Cir.1991) and *Blackwelder,* 550 F.2d at 195). But if the balance of hardships is substantially equal as between the plaintiff and defendant, then "the probability of success begins to assume real significance, and interim relief is more likely to require a clear showing of a likelihood of success." *Id.* (citing *Direx*, 952 4.2d at 808).

*NAACP*, 2006 WL 2038257, at \*2.

5

The court found that the balance of hardships tipped decidedly in favor of the plaintiff. *Id.* at *3 ("the plaintiffs' claims weigh in favor of granting the plaintiffs' motion for a preliminary injunction. . . . the second *Blackwelder* factor also weighs in favor of granting the plaintiffs' motion. . ."). Therefore, it evaluated the likelihood of success on the merits under the relaxed standard: "typically it will be enough that the plaintiff has raised questions going to the merits so serious, substantial, difficult, and doubtful, as to make them fair ground for litigation and thus for more deliberate investigation." *See id.* at *2.

After Judge Wooten's 2005 Order, the Supreme Court overruled this part of the *Blackwelder* standard in *Winter v. Natural Resources Defense Council, Inc*. 555 U.S. 7, 19 (2008). In *Winter*, the Supreme Court held that a preliminary injunction requires the plaintiff to make a clear showing that it will likely succeed on the merits at trial. *Id.* at 376. As the Fourth Circuit explained in *Real Truth About Obama, Inc. v. Federal Election Commission*, "[t]he *Winter* requirement that the plaintiff clearly demonstrate that it will *likely succeed* on the merits is far stricter than the *Blackwelder* requirement that the plaintiff demonstrate only a grave or serious *question* for litigation." 575 F.3d at 347 (emphasis in original).

When read in context and considering the evolution of the law in this area, the 2005 Order does not offer a particularly probative finding. It is improper to equate "likelihood of success" with "success" due to the significant procedural differences between preliminary injunctions and full hearings on the merits of a case. *Univ. of Texas v. Camenisch*, 451 U.S. 390, 394 (1981). The court's statement that, "at this stage in the proceedings . . . race was a motivating factor when the issue of traffic plans was decided," is a finding that plaintiffs merely raised a question on the motivating factor issue that warranted more deliberative investigation. *NAACP*, 2005 WL 2038257, at *2. Under the now-overruled *Blackwelder* standard, the probative value of the 2005

6

Order is limited; it demonstrates, at best, that the plaintiffs demonstrated a grave or serious question for litigation.

### iii. The Dangers of Unfair Prejudice, Confusing the Issues, and Misleading the Jury Substantially Outweigh the Probative Value of Introducing the 2005 Order.

Determining whether otherwise relevant evidence should be excluded based on its potential prejudicial effect requires a fact-intensive, context-specific inquiry. *Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379 (2008). Evidence is not unfairly prejudicial because it favors one party or the other, but because it tends to encourage the jury to make a finding based on improper reasoning. *United States v. Looking Cloud*, 419 F.3d 781, 785 (8th Cir. 2005). Here, the 2005 Order does just that—it tends to encourage the jury to make a finding based on improper reasoning.

A judge's findings of fact and conclusions of law on a preliminary injunction are not binding on a subsequent trial on the merits. *Univ. of Texas v. Camenisch*, 451 U.S. 390, 395 (1981). However, jurors are nonetheless likely to defer to the 2005 Order's findings. *See United States v. Sine*, 439 F.3d 1021, 1033 (9th Cir. 2007) ("jurors are likely to defer to findings . . . made by an authoritative, professional factfinder rather than determine those issues for themselves."); *Kemin Foods, L.C. v. Pigmentos Vegetales Del Centro S.A. De C.V.*, 2004 WL 5508751, at *2 (S.D. Iowa Apr. 18, 2004) (in patent infringement suit, excluding evidence of reversal of grant of preliminary injunction, holding "[s]uch a decision may . . . be misconstrued by a jury as indicating a finding on the merits.").

The 2005 Order states that "race was a motivating factor when the issue of traffic plans was decided." *NAACP*, 2006 WL 2038257, at *7. At the time, there were two separate motorcycle rallies that were being treated differently. *Id.* While a different traffic pattern is at issue here, the question remains the same: was race a motivating factor in the decision? Because the same

question is at issue, lay jurors are likely to take the 2005 Order at face value. A face-value influence on the jury would be unduly prejudicial because the 2005 Order evaluated the likelihood of success **prior to a full hearing on the merits**. This prejudice cannot readily be ameliorated by a limiting instruction. Contextualizing the 2005 Order in a limiting instruction would require the Court to explain the applicable standards of law in a motion for a preliminary injunction. Such an explanation is unlikely to be helpful to the jury and would leave them confused about the Order's significance.

While recognizing that the exclusion of otherwise relevant evidence due to undue prejudice is an extraordinary remedy that should be used sparingly, *United States v. Morris*, 79 F.3d 409, 412 (5th Cir. 1996), the Court nonetheless finds that exclusion is necessary. Introducing the 2005 Order would tend to encourage the jury to make a finding based on improper reasoning. The danger of undue prejudice presented by introducing the 2005 Order substantially outweighs its probative value. Accordingly, the 2005 Order is inadmissible at trial pursuant to Federal Rule of Evidence 403.

### iv. Plaintiffs May Reference the Result of the 2005 Order without Introducing the Order or Mentioning the Finding that Race was a Motivating Factor in the City's Decision.

As previously discussed, the 2005 Order is relevant to and probative of the historical background of the challenged decision in this case. *See Arlington Heights* 429 U.S. at 266–67. While allowing Plaintiffs to introduce the 2005 Order presents serious dangers of unfair prejudice, mention of the outcome does not raise the same concerns. As discussed above, the 2005 Order presents dangers of unfair prejudice because the jury is likely to give the findings therein more weight than the procedural posture of that case warrants. Plaintiffs may, however, mention the fact that Defendants were required in 2006 to maintain a substantially similar traffic pattern during

8

"Harley Week" and "Black Bike Week" without creating the same confusion.  Such a discussion of the outcome is probative of the context and historical background of the challenged decision in this case.  Therefore, the danger of unfair prejudice from referencing the outcome of the 2005 Order does not substantially outweigh its probative value.  Accordingly, the Court declines to exclude all reference to the outcome of the 2005 Order under Federal Rule of Evidence 403.

In sum, Plaintiffs may not introduce the 2005 Order at trial or reference specific findings within the Order.[2]   However, Plaintiffs may reference the outcome of the 2005 Order for context and historical background.[3]

## II. Defendants' Amended Second Motion in Limine.

Defendants move the Court for an order preventing the Plaintiffs from introducing any evidence or statements at trial from non-decision makers in connection with the racially inflammatory telephone recordings retained on the NAACP's telephone message box.  [ECF No. 184 p.1].  Defendants specifically identify four recordings, labeled PL 019831, PL 20831, PL 208032, and PL 20833.  *Id.*  The motion also seeks to exclude "any similar recordings or other hearsay evidence."  *Id.*  Further, Defendants move for an order preventing the Plaintiffs from introducing evidence of correspondence or emails from non-decision makers that is being introduced solely to inflame and prejudice the passions of the jury.  *Id.*

Plaintiffs respond that this motion is premature and overly broad to the extent it seeks to exclude evidence not specifically identified.  [ECF No. 188 pp.2–3].  As for the specifically identified voice recordings, Plaintiffs argue the recordings provide important historical

---

[2] This includes any mention that the 2005 Order found race to be a motivating factor in the City's decision.

[3] Having determined that the Plaintiffs may not introduce the 2005 Order, the Court declines to address Defendants' request for alternative relief.

9

background and context for Defendants' treatment of Black Bike Week under the *Arlington Heights* framework. *Id.* at 4.

### a. The Four Specifically Identified Voice Recordings are Excluded under Rule 403.

A court must balance the probative value of and need for evidence against the harm likely to result from its admission. Fed. R. Evid. 403 (advisory committee's note to 1972 proposed rules) (citing Slough, *Relevancy Unraveled*, 5 Kan. L. Rev. 1, 12-15 (1956); Trautman, *Logical or Legal Relevancy--A Conflict in Theory*, 5 Vand. L. Rev. 385, 392 (1952); McCormick § 152, pp. 319–321). Here, each of the specifically identified voice recordings is a racially charged tirade left on the NAACP's hotline.[4]

The probative value of these voice recordings is extremely low. They were sent to one plaintiff's internal hotline. There is no evidence that the messages were sent to or forwarded by decisionmakers. Plaintiffs argue, however, that these recordings are important evidence of pervasive discriminatory backlash that influenced the City of Myrtle Beach's decisionmakers. *Id.* Without some connection between the voice recordings and a decisionmaker, this court cannot conclude that the statements contained therein are probative of intent

Further, the danger of unfair prejudice presented by these voice recordings is severe. Playing racially charged tirades at trial risks inflaming and prejudicing jurors. As previously noted, there is no evidence that decisionmakers were aware of the voice recordings, let alone relied upon them in making a decision. Playing the recordings to the jury risks those statements being baselessly attributed to Defendants. Therefore, the Court finds that the danger of unfair prejudice associated with the specifically-identified recordings substantially outweighs their probative value and the

---

[4] The hotline was operated to assist with reports of race discrimination during Black Bike Week. [ECF No. 188 p.4].

10

recordings labeled PL 019831, PL 20831, PL 208032, and PL 20833 are excluded pursuant to Rule 403 of the Federal Rules of Evidence.

### b. Ruling on All Other Evidence Included in Defendants' Amended Second Motion in Limine is Deferred

Defendant also seeks to exclude "any evidence or statements at trial from non-decision makers in connection with the racially inflammatory telephone recordings . . . any similar recordings or other hearsay evidence" and "evidence at trial of correspondence or e-mails from non-decision makers that is being introduced solely to inflame and prejudice the passions of the jury." [ECF No. 184 p.1]. Ruling on this evidence would be inappropriate at this stage. Without reference to specific documents, the Court is not in a position to determine "the evidence is inadmissible on all potential grounds." *Silicon Knights, Inc. v. Epic Games, Inc.,* No. 5:07-CV-275-D, 2011 WL 5439156, at 1* (E.D.N.C. Nov. 8, 2011). The Defendants are free to object to specific evidence on the same grounds at a later time. Accordingly, the Court defers ruling on the evidence other than the four specifically identified voice recordings.

### PLAINTIFFS' MOTION

Plaintiffs move for an order excluding documents produced by Defendants after the close of fact discovery and prohibiting Defendants from offering any evidence on these documents. [ECF No. 179]. Defendants contend that the parties continued to engage in consensual discovery after the deadline, therefore, the Court should allow defendants to introduce documents concerning events after the close of discovery. [ECF No. 183].

A trial court's discretion to exclude evidence on the ground that it is outside the scope of its pre-trial order is broad. *Adalman v. Baker, Watts & Co.*, 807 F.2d 359, 369 (4th Cir. 1986), *abrogated by Pinter v. Dahl*, 486 U.S. 622 (1988). The Court has the authority to decide whether to allow the use of documents produced after the discovery deadline at trial. *DE Techs.,*

11

*Inc. v. Dell Inc.*, 238 F.R.D. 561, 565 (W.D. Va. 2006), *aff'd in part, modified in part*, No. 7:04-cv-00628, 2007 WL 128966 (W.D. Va. Jan. 12, 2007).

     Here, the Court holds that neither party may introduce evidence produced after the close of fact discovery as stated in the Court's Seventh Amended Scheduling Order, ECF No. 88.  To the extent either party in this case produced evidence after the close of fact discovery, the other party was not able to utilize the full discovery process to formulate its response.  This disadvantage would be prejudicial.  Accordingly, neither party may introduce evidence produced after the close of fact discovery as stated in the Court's Seventh Amended Scheduling Order, ECF No. 88.

<b>CONCLUSION</b>

     Defendants' first motion in limine, ECF No. 177, and Defendants' amended second motion in limine, ECF No. 184, are GRANTED in PART as stated above.  Plaintiffs' motion in limine, ECF No. 179, is GRANTED.

     IT IS SO ORDERED.

                                      /s/Sherri A. Lydon

November 26, 2020                                      Sherri A. Lydon

Florence, South Carolina                          United States District Judge

12